UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

DELORES EGGERSON,
Personal Representative
of the Estate of Leon Dandredge,

  Plaintiff,            Case No. 1:05-cv-594

v                 Hon. Wendell A. Miles

UNITED STATES OF AMERICA,

  Defendant.
_____ /

OPINION AND ORDER ON UNITED STATES OF AMERICA'S
MOTION FOR SUMMARY JUDGMENT AND ALTERNATIVELY
TO DISMISS UNDER RULE 12(b)(1) AND/OR (6)

  This is an action filed under the Federal Tort Claims Act, 28 U.S.C. §§ 2671 *et seq*. The claims asserted arise from the fatal shooting of plaintiff's decedent Leon Dandredge in Muskegon, Michigan on August 20, 2003. The matter is currently before the court on a motion by defendant the United States of America for Summary Judgment and Alternatively to Dismiss Under Rule 12(b)(1) and/or (6) (docket no. 10). Plaintiff has filed a written response opposing the motion.

  For the reasons to follow, the court GRANTS the motion to dismiss and dismisses this action.

**I**

  Plaintiff, a resident of Marianna, Arkansas, is the personal representative of the estate of

Leon Dandredge. On August 20, 2003, Dandredge was fatally shot by Deputy United States Marshal Mark Hessler in Muskegon, Michigan. The shooting occurred while Hessler and another Deputy United States Marshal, Kenneth Groenveld, were performing their official duties in the course of a fugitive investigation of Dandredge, for whom an arrest warrant had been issued by the State of Indiana.

The current action is not the first action filed concerning the events of the Dandredge shooting. On June 25, 2004, Leslie Karum, acting as personal representative of Leon Dandredge's estate, filed a complaint in this court against Hessler, Groenveld, the United States Marshals Service ("USMS"), and the United States of America, alleging that they were liable for the death of Dandredge. On August 3, 2004, an amended complaint was filed substituting Delores Eggerson as plaintiff in place of Karum. On January 20, 2005, pursuant to a stipulation by the parties, the court entered an order dismissing both the United States Marshals Service and the United States of America from the case without prejudice based upon plaintiff's failure to exhaust administrative remedies before asserting tort claims against these defendants. The court subsequently also granted motions by Hessler and Groenveld for summary judgment. That case, to which the court will refer as "Dandredge I," is currently on appeal. Karum v. Hessler, No. 1:04cv425 (W.D. Mich.), appeal pending, No. 05-2333 (6th Cir.). This court's opinions in Dandredge I (docket nos. 24, 45) are incorporated by reference, and the court therefore will not repeat the conclusions reached in that case.

Eggerson filed this second action on September 1, 2005, just one week after this court made its final disposition in Dandredge I. Naming as defendants Hessler, Groenveld, the USMS, and the United States of America, the complaint in this case, like the complaint in Dandredge I,

alleges that these defendants were liable for the death of Leon Dandredge.  Count I of the complaint alleges that Hessler, Groenveld, and the United States are liable for causing Dandredge's death through negligence, gross negligence, intentional, and willful or wanton misconduct.  Count II of the complaint alleges that Hessler, the USMS, and the United States are liable for an assault and battery against Dandredge – the shooting – which caused his death.  As part of Count II, Eggerson also includes a paragraph (¶ 24) alleging that the USMS and the United States were negligent in failing to have in place certain policies regarding the apprehension of or use of force against fugitives.

After Eggerson filed her complaint in this second action, the United States attorney filed a certification, pursuant to 28 U.S.C. § 2679(d), that Hessler and Groenveld were acting within the scope of their federal employment as Deputy United States Marshals with regard to the events underlying the death of Leon Dandredge.  The action therefore became one against the United States pursuant to 28 U.S.C. § 2679(d)(1), with the United States substituted as the sole defendant.[1]  The United States then filed the present motion.

## II

In its motion, the United States seeks summary judgment under Fed.R.Civ.P. 56 or dismissal under Fed.R.Civ.P. 12(b)(1) or (6).  Specifically, the United States argues  (1) that

---

[1] When a federal employee is sued for a wrongful or negligent act, 28 U.S.C. § 2679(d)(1) empowers the Attorney General to certify that the employee "was acting within the scope of his office or employment at the time of the incident out of which the claim arose[.]" Upon such a certification, the employee is dismissed from the action and the action is deemed to be one against the United States, which is substituted as defendant. Gutierrez de Martinez v. Lamagno, 515 U.S. 417, 419-420, 115 S.Ct. 2227, 2229 (1995).

3

collateral estoppel bars Eggerson's claims based on negligence or assault and battery because she is precluded from contesting the court's conclusion in <u>Dandredge I</u> that Hessler justifiably fired his weapon in self-defense in response to Dandredge's decision to spring out at Hessler from a concealed position without warning, and (2) that the discretionary function exception to tort liability, as codified in 28 U.S.C. § 2680(a), bars plaintiff's claims based on the USMS's alleged failure to have certain policies in place with respect to apprehension of or use of force against fugitives.

In her brief in response to the motion, Eggerson voluntarily withdraws her claims of negligence based on the USMS' alleged failure to have certain policies in place regarding the apprehension of or use of force against fugitives.  See Plaintiff's Brief in Opposition to Defendant's Motion for Summary Judgment (docket no. 16) at 2 (stating that plaintiff "does not oppose dismissal of the remaining claims which allege negligence for failing to have policies in place, contained in Count II of the Complaint").  Eggerson's agreement to voluntarily withdraw these claims makes it unnecessary to resolve the United States' motion for dismissal of these claims based on Fed.R.Civ.P. 12(b)(1).[2]  Eggerson does, however, oppose dismissal of her remaining claims based on negligence and intentional tort arising from the actions of Hessler and Groenveld.

Fed.R.Civ.P. 12(b)(6) permits a district court to dismiss a plaintiff's complaint for "failure to state a claim upon which relief can be granted."  A motion under the rule may be granted only

---

[2]Because Eggerson has voluntarily withdrawn her policy-based negligence claims, the court has no occasion to consider the United States' alternative argument in support of dismissal of these claims: that they are subject to dismissal based on the failure to properly allege all of the elements of a negligence cause of action.

when it appears beyond doubt that the plaintiff can prove no set of facts in support of her claim that would entitle her to relief. Conley v. Gibson, 355 U.S. 41, 45-46, 78 S.Ct. 99, 102 (1957); Miller v. Currie, 50 F.3d 373, 377 (6th Cir.1995). In deciding a motion under Rule 12(b)(6), the court accepts all of the allegations as true and construes the complaint "liberally in favor of the party opposing the motion." Miller, 50 F.3d at 377. A district court need not, however, accept as true legal conclusions or unwarranted factual inferences. Gregory v. Shelby County, 220 F.3d 433, 446 (6th Cir.2000).

>Fed.R.Civ.P. 12(b) provides in pertinent part as follows:

>If, on a motion asserting the defense numbered (6) to dismiss for failure of the pleading to state a claim upon which relief can be granted, matters outside the pleading are presented to and not excluded by the court, the motion shall be treated as one for summary judgment and disposed of as provided in Rule 56, and all parties shall be given reasonable opportunity to present all material made pertinent to such a motion by Rule 56.

The United States has not included, with its motion, any materials outside the pleadings. In contrast, Eggerson has appended to her response a substantial amount of materials outside the pleadings. However, the court has not considered these materials. The court has no need to consider these materials, for judicial notice permits the court to rule on the United States' motion without considering materials outside the pleadings.[3]

In ruling on a motion under Rule 12(b)(6), the court may supplement the facts alleged in

---

[3] Much of Eggerson's response to the United States' motion is devoted to arguing the alleged facts of the underlying incident, which are presumably based on an interpretation of the exhibits attached to the response; it is these exhibits which the court has not reviewed. However, because Eggerson's factual arguments bear a strong similarity to those which she made in Dandredge I, it is presumed that the exhibits which she has submitted with her response consist largely if not entirely of materials which she submitted in Dandredge I.

the pleadings by considering facts susceptible to judicial notice under Fed.R.Evid. 201.  In re Colonial Mortg. Bankers Corp., 324 F.3d 12, 15 (1st Cir. 2003).  The court may therefore look to matters of public record for purposes of ruling on a motion to dismiss without converting the motion into one for summary judgment.  Id. at 15-16; Kramer v. Time Warner, Inc., 937 F.2d 767, 773 (2d Cir. 1991).  Matters of public record include records of other court actions. Grynberg v. Koch, 390 F.3d 1276, 1278 n.1 (10th Cir. 2004); Shaw v. Hahn, 56 F.3d 1128, 1129 n.1 (9th Cir.), cert. denied, 516 U.S. 964, 116 S.Ct. 418 (1995); see, e.g., Southern Cross Overseas Agencies, Inc. v. Wah Kwong Shipping Group Ltd., 181 F.3d 419, 426 (3d Cir. 1999) (court may, on motion to dismiss, take judicial notice of another court's opinion, not for the truth of the facts but for the existence of the opinion, whose authenticity is not subject to reasonable dispute).  Dismissal under Rule 12(b)(6) is appropriate when a defendant raises former adjudication as an affirmative defense and it is clear from the fact of the complaint, and from matters of which the court may take judicial notice, that the plaintiff's claims are barred as a matter of law.  See Conopco, Inc. v. Roll Int'l, 231 F.3d 82, 86 (2d Cir. 2000).  The court has therefore not converted the United States' motion into one for summary judgment.

### III

Collateral estoppel applies when:

(1)   the issue in the subsequent litigation is identical to that resolved in the earlier litigation,

(2)   the issue was actually litigated and decided in the prior action,

>   (3)   the resolution of the issue was necessary and essential to a judgment on the merits in the prior litigation,
>
>   (4)   the party to be estopped was a party to the prior litigation (or in privity with such a party), and
>
>   (5)   the party to be estopped had a full and fair opportunity to litigate the issue.

Wolfe v. Perry, 412 F.3d 707, 716 (6th Cir. 2005).  A summary judgment is considered a judgment on the merits for preclusion purposes.  Jackson v. Hayakawa, 605 F.2d 1121, 1125 n.3 (9th Cir. 1979), cert. denied, 445 U.S. 952, 100 S.Ct. 1601 (1980).

In her response, Eggerson concedes that unless the court changes its ruling in Dandredge I, collateral estoppel bars her from relitigating the issue of how the shooting occurred.  Plaintiff's Brief in Opposition to Defendant's Motion for Summary Judgment at 10.  Eggerson has filed no motion in Dandredge I seeking reconsideration of this court's ruling in that case.  However, even if she were to file such a motion in that case under Fed.R.Civ.P. 60(b), the court would lack jurisdiction to rule on the motion.  "As a general rule, a district court no longer has jurisdiction over an action as soon as a party files a notice of appeal, and at that point the appellate court assumes jurisdiction over the matter."  Pittock v. Otis Elevator Co., 8 F.3d 325, 327 (6th Cir. 1993).  There are some exceptions to this rule.  See Rucker v. United States Dept. of Labor, 798 F.2d 891, 892 (6th Cir. 1986) (district court loses jurisdiction once appeal is perfected "unless that appeal is untimely, is an appeal from a non-appealable non-final order, or raises only issues that were previously ruled upon in that case by the appellate court").  However, no exception applies here, and therefore the Court of Appeals acquired exclusive jurisdiction over Dandredge I at the time Eggerson filed her notice of appeal in that case.

Given plaintiff's concession that collateral estoppel applies unless the court reconsiders its ruling in <u>Dandredge I</u>, the court concludes that collateral estoppel applies here and prevents her from relitigating any factual issues decided in that case. Under the circumstances, the United States is entitled to dismissal of all of plaintiff's remaining claims in this action as a matter of law.

## **Conclusion**

The motion of the United States for dismissal is GRANTED.

So ordered this 22nd day of June, 2006.

    /s/ Wendell A. Miles
Wendell A. Miles
Senior U.S. District Judge